UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOSE RODRIGUEZ, | Case No.: 1:21 CV 703 |
| Petitioner | JUDGE SOLOMON OLIVER, JR. |
| v. | |
| KEITH FOLEY, Warden, | |
| Respondent | ORDER |

Currently pending before the court in the above-captioned case are Petitioner Jose Rodriguez's ("Petitioner" or "Rodriguez") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition") (ECF No. 1) and Respondent Keith Foley's Motion to Dismiss ("Respondent") (ECF No. 9). Under Local Rule 72.2, the court referred the matter to Magistrate Judge David A. Ruiz ("Magistrate Judge" or Judge Ruiz") for a Report and Recommendation ("R & R"). For the following reasons, the court adopts Judge Ruiz's R & R and hereby grants Respondent's Motion to Dismiss (ECF No. 9) and dismisses the Petition (ECF No. 1) in its entirety.

On March 31, 2021, Rodriguez filed a Petition challenging his conviction and sentence in state court for the following charges: (1) aggravated murder; (2) murder; (3) aggravated robbery; (4) robbery; (5) felonious assault under O.R.C. § 2903.11(A)(1); and (6) felonious assault under O.R.C. § 2903.11(A)(2). (R & R at PageID #2313, ECF No. 13.) Following a jury trial, the trial court merged the aggravated murder, murder, and two felonious assault counts, and sentenced Rodriguez to: life in prison with the possibility of parole after twenty years for aggravated murder plus one consecutive year for the firearm specification and a four year term for aggravated robbery. (*Id.*) The

court determined that the sentence for aggravated robbery was to be served concurrently with the sentence for aggravated murder for an aggregate prison term of twenty-one years. (*Id.*) The Petition asserts the following two grounds for relief:

> GROUND ONE: Petitioner's due process rights were violated under the 5th and 14th Amendments when his convictions were not supported by sufficient evidence.
>
> GROUND TWO: Petitioner was denied his 6th Amendment right to effective assistance of counsel.

(*Id.* at PageID #2316–2317.) On August 13, 2021, Respondent filed a Motion to Dismiss (ECF No. 9), to which Rodriguez responded (ECF No. 12) on November 23, 2021.

Judge Ruiz submitted his R & R on January 31, 2022, recommending that the court grant Respondent's Motion to Dismiss (ECF No. 9) and dismiss the Petition in its entirety. Specifically, Judge Ruiz determined that Rodriguez's claims are time-barred by Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year statute of limitations. (R & R at PageID #2324, ECF No. 13.) In doing so, Judge Ruiz explained that the statute of limitations commenced no later than February 27, 2016, which was one year after the state appellate court issued its decision affirming Rodriguez's conviction on direct appeal. (*Id.* at PageID #2319.) It is undisputed that Rodriguez did not file his Petition until over four years later on March 31, 2021. (*Id.*) After finding that the statute of limitations had expired, Judge Ruiz determined that equitable tolling was not appropriate because Rodriguez did not "diligently pursue his rights," nor did he show an "extraordinary circumstance stood in the way of his preventing timely filing." (*Id.* at PageID #2321–2322, ECF No. 13 (citing *Holland v. Florida*, 560 U.S. 631, 130 (2010)).) On this point, Judge Ruiz emphasized that "between February 26, 2016 (when his conviction became final) and August 16, 2018—a span of 902 days—Rodriguez took no action in state or federal courts." (*Id.* at PageID #2322.) In a footnote at the end of his opinion, Judge Ruiz noted that "[b]ecause this court recommends dismissal on a clear

failure to file within the AEDPA's one-year statute of limitations, the court, in the interests of judicial economy, declines to offer a recommendation [on whether Rodriguez's claims are procedurally defaulted]." (*Id*. at PageID #2324 n.7.)

On February 10, 2022, Rodriguez filed an Objection (ECF No. 14) to the R & R. In the Objection, Rodriguez asserts that Judge Ruiz erred in three ways: (1) he incorrectly determined that the statute of limitations commenced on February 26, 2016; (2) he incorrectly concluded that Rodriguez did not "diligently pursue his rights;" and, (3) he erred in declining to make a recommendation as to the issue of procedural default. (Obj. at PageID #2328–2330, ECF No. 14.) Rodriguez's first argument is based on his contention that the statute of limitations period did not begin until 2018, as that is when he "reasonably discovered errors in his sentence." (*Id*. at PageID #2328–2329.) Relatedly, he asserts that he diligently pursued his rights because upon learning of the error in his sentence, he timely filed a *pro se* motion to correct his sentence. (*Id*. at PageID #2330.) Here, the court finds that Rodriguez's Objection lacks merit for two reasons. First, as Judge Ruiz pointed out in his R & R, "ignorance of the law alone is not sufficient to warrant equitable tolling." (R & R at PageID #2322, ECF No. 13 (citing *Allen v. Yukins*, 366 F.3d 396 (6th Cir. 2004)).) Moreover, district courts in this Circuit have made clear that "[a]n inmate's lack of legal training, poor education, or even his illiteracy does not give a federal court a reason to toll the AEDPA's limitations period." *Tomlinson v. Hudson*, No. 1:06CV687, 2007 WL 1831135, at *7 (N.D. Ohio June 25, 2007); *see also Hodge v. Jordan*, No. 5:19-CV-255, 2019 WL 8723760, at *2 (E.D. Ky. July 22, 2019) (same). Second, Rodriguez's Objection is silent on the second prong of the equitable tolling analysis—namely, whether "some extraordinary circumstance prevented timely filing." *See Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010). Because Rodriguez has failed to show that he diligently pursued his rights and because the statute of limitations bars his claims, and thus, is

dispositive of his Petition, the court finds that Judge Ruiz did not err by declining to address any alternative bases for dismissal.

After careful *de novo* review of the R & R, the parties' arguments, Rodriguez's Objection, and all relevant materials in the record, the court finds that Judge Ruiz's recommendation is fully supported by the record and controlling case law. *See Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). Consequently, Rodriguez's Petition must be dismissed. Accordingly, the court adopts the R & R in its entirety and hereby grants Respondent's Motion to Dismiss (ECF No. 9) and dismisses the Petition (ECF No. 1). The court also certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

*/s/ SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

March 31, 2022